**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>Miguel Huizar,<br><br>             Defendant. | No. CR-19-00203-003-PHX-DLR<br><br>**ORDER** |

On January 31, 2019, Defendant was charged with Possession of a Controlled Substance with Intent to Distribute under 21 U.S.C. § 841(b)(1)(A)(iii). (Doc. 1.) There is a presumption of detention in this case under 18 U.S.C. § 3142(e)(3)(a) because the offense is prescribed in the Controlled Substances Act and carries a maximum term of imprisonment of ten years or more. Defendant received a detention hearing before a magistrate judge on February 8, 2019, after which the magistrate judge detained Defendant as both a flight risk and a danger to the community. (Docs. 10, 11.) Defendant moved the Court to review his detention on March 3, 2019. (Doc. 21.) The Court held a hearing on the motion on March 21, 2019, and, after conducting a *de novo* review and considering the factors set forth in 18 U.S.C. § 3142(g), denied Defendant's motion. (Doc. 44.) The Court found by clear and convincing evidence that Defendant is both a danger to the community and a flight risk, and that detention is required pending trial. (*Id.*) Defendant subsequently entered a guilty plea for one count of Aiding and

Abetting Possession with Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(A)(iii).  (Doc. 58.)  The Court accepted Defendant's guilty plea on July 11, 2019, and deferred acceptance of the plea agreement to the time of sentencing.  (Doc. 65.)  Defendant is currently in custody pending sentencing, and the Government is seeking a sentence of imprisonment.  (Doc. 174 at 2.)

Defendant has filed a motion to review his detention under 18 U.S.C. § 3143 (Doc. 170) and the Government has filed a response thereto (Doc. 174).[1]  Section 3143(a) provides that a "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."  The Court previously determined that Defendant is both a danger and a flight risk, and Defendant has not shown that circumstances have materially changed.  Defendant argues that, considering the COVID-19 pandemic, "[s]ociety is served in lowering the jail population as much as possible."  (Doc. 170 at 1.)  But society's interest in lowering the jail population during a pandemic does not bear on whether Defendant is a danger or a flight risk, which is the relevant question under § 3143(a).  Defendant also argues that he did not receive effective counsel at the March 21, 2019 detention hearing, and that he "believes many arguments were not made on his behalf that would have shown this Court he is a good candidate for pretrial release."  (*Id.* at 1-2.)  But Defendant fails to articulate even one such argument in his motion.  Accordingly,

//
//
//
//

---

[1] Oral argument is denied as unnecessary.

**IT IS ORDERED** that Defendant's motion to review detention (Doc. 170) is **DENIED**.

Dated this 9th day of March, 2021.

_____
Douglas L. Rayes
United States District Judge